IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| A.K., a Minor, by her mother and Next Friend JOYCE BANIN, <br><br> *Plaintiff,* <br><br> v. <br><br> BRIAN BYERSON, <br><br> *Defendant.* | Civil Action No. 1:14-cv-26 |

## ORDER

This matter comes before the Court on defendant Brian Byerson's Motion for Summary Judgment (Dkt. No. 94) as well as plaintiff A.K.'s Motion in Limine (Dkt. No. 97). The motions were fully briefed by both parties (Dkt. Nos. 99, 100, 102 & 103) and the Court heard oral argument on November 7, 2014.

After reviewing the pleadings and exhibits submitted by the parties, it is hereby **ORDERED** that Byerson's motion for summary judgment based on qualified immunity is **DENIED** (Dkt. No. 94). Whether Byerson obtained consent to search A.K.'s home is a contested issue of material fact—a jury issue. If a jury were to find that Ms. Banin's consent was not voluntary, then Officer Byerson was not entitled to interview A.K. as there was no evidence that he was entitled to be in that part of the house.

The Court hereby **ORDERS** that the plaintiff's motion in limine is **GRANTED IN PART AND DENIED IN PART** as follows:

1. <u>Plaintiff's proposed trial exhibit 2</u>- The Fairfax County Police Department's General Order dated October 1, 2011 may be used in cross-examination of the defendant, if it is found to be relevant, without further authentication.

2. <u>Plaintiff's proposed trial exhibit 3</u>- If the Mobile Video/Audio Recording ("MVR") Guidelines are found to be relevant, they may be used in cross-examination of the defendant without further authentication.

3. <u>Plaintiff's proposed trial exhibit 4</u>- If the defendant's performance evaluations are found to be relevant, they may be used in cross-examination of the defendant without further authentication.

The Court has doubts that exhibits 2 through 4 are relevant for the reasons identified by the defendant, but finds that they are authentic documents generated for use by the Fairfax County Police Department.

4. <u>Plaintiff's proposed trial exhibit 12</u>- If the list of telephone calls made and received by the defendant on January 20, 2012 is found to be relevant, they may be used in cross-examination of the defendant without further authentication and admitted as evidence.

5. <u>Plaintiff's proposed trial exhibit 14</u>- The admission of this exhibit has been resolved by the parties.

6. <u>Plaintiff's proposed trial exhibit 16</u>- The admission of this exhibit has been resolved by the parties.

7. <u>Plaintiff's proposed trial exhibit 18</u>- The admission of this exhibit has been resolved by the parties.

8. <u>Defendant's proposed witness Dr. Debra Nygaard</u>- Dr. Nygaard will be permitted to testify as a fact witness only.

9. <u>Defendant's proposed witness Dr. Anusha Wijetilleke</u>- Dr. Wijetilleke will not be precluded from testifying that A.K. told her that her mother hit her if relevant to the trier of fact on the issue of damages.

10. <u>Defendant's proposed trial exhibit 1</u>- The video recording will be admitted in its entirety, upon authentication at trial, as it is relevant, probative, and not unduly prejudicial under Federal Rule of Evidence 403.

11. <u>Defendant's proposed trial exhibit 2</u>- The transcript of the video recording may be used as an aid to the jury upon its authentication at trial.

12. <u>Defendant's proposed trial exhibit 3</u>- Dr. Nygaard's records will be admitted as long as they are relevant and not cumulative of her testimony.

13. <u>Defendant's proposed trial exhibit 4</u>- The records of Dr. Wijetilleke and Dr. Talib will be admitted as long as they are relevant and not cumulative of her testimony.

14. <u>Miscellaneous Items</u>- The miscellaneous items of evidence identified by the plaintiff appear to have been resolved by the parties. To the extent they have not been resolved, the Court will rule on their admissibility at trial.

November 19, 2014
Alexandria, Virginia

/s/ _____
Liam O'Grady
United States District Judge